**XIA LIN-CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**

General,* Respondent.

No. 08–3495–ag.

United States Court of Appeals,
Second Circuit.

Nov. 3, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Elizabeth Young, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xia Lin–Chen, a native and citizen of the People's Republic of China, seeks review of a June 27, 2008 order of the BIA affirming the September 14, 2006 decision of Immigration Judge ("IJ") Helen Sichel, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xia Lin–Chen,* No. A98 357 587 (B.I.A. June 27, 2008), *aff'g* No. A98 357 587 (Immig. Ct. N.Y. City Sept. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

The amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 ("the Act") apply to Lin–Chen's asylum application because it was filed on May 11, 2005. *See* Pub.L. No. 109–13, § 101(h)(2), 119 Stat. 231, 305

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

(2005). For asylum applications governed by the Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (BIA 2007).

Substantial evidence supports the IJ's adverse credibility determination. The IJ found that there were discrepancies between Lin–Chen's testimony, her asylum application, and her mother's letter. Lin–Chen only challenges one of these discrepancies in her brief to this Court, arguing that she provided a reasonable explanation for why she did not include in her asylum application the warning that she received from Chinese authorities to stop engaging in religious activities. Lin–Chen's arguments are, however, unavailing. The agency need not "expressly parse or refute on the record each and every one of [an applicant's] purported explanations for testimonial inconsistencies or evidentiary gaps." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006); *see Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Moreover, while petitioners are not required to list every incident of persecution on their applications, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006), Lin–Chen attached a statement to her asylum application and, thus, was not confined to the limited space provided on the form itself. The IJ properly concluded that the purported warning should have been included in Lin–Chen's asylum application where, as here, she testified that it was this warning that caused her to flee China. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 308 (2d Cir.2003), *overruled on other grounds by Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir.2008).

Having called Lin–Chen's credibility into question, the IJ properly concluded that Lin–Chen was unable to rehabilitate her testimony when she failed to provide sufficient corroborative evidence. *See Xiao Ji Chen*, 471 F.3d at 341. Nor was it error for the IJ to give diminished weight to certain other evidence that Lin–Chen submitted. *See id.* at 342 (indicating that the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

Because the only evidence of a threat to Lin–Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).